**Bert B. BEVANS, Sr., Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 9982.

United States Court of Appeals Fourth Circuit.

Argued Nov. 3, 1965.

Decided Feb. 9, 1966.

John J. O'Connor, Jr., Baltimore, Md. (O'Connor & Preston and Charles L. Carter, Jr., Baltimore, Md., on brief), for appellant.

George T. Tyler, Baltimore, Md. (Thomas D. Washburne, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MICHIE, District Judge.

MICHIE, District Judge.

Bert B. Bevans, Sr., a passenger in a truck driven by Ernest Dennis, obtained a judgment against Dennis in the Superior Court of Baltimore City in the amount of One Hundred Two Thousand Dollars ($102,000) for injuries received in an automobile collision on January 2,

1958. Both Bevans and Dennis were employees of Danko Pattern & Manufacturing Company (hereinafter referred to as Danko) and were acting within the scope of their employment at the time of the accident. The truck which Dennis was operating was owned by Arlington Bronze and Aluminum Corporation (hereinafter referred to as Arlington) and had been loaned to Danko for its use. Liberty Mutual Insurance Company [1] (hereinafter referred to as Liberty Mutual) had written a liability policy on the vehicle in question with Arlington as the named insured. This policy contained a fellow-employee limitation on the definition of an omnibus insured as well as the employee coverage exclusion. [2]

Bevans instituted the present suit in the Superior Court of Baltimore City against Liberty Mutual alleging that the defendant was obligated to pay the prior judgment secured against Dennis because of the policy it had written on the Arlington vehicle. The judgment had not been paid by Dennis and the writ of execution had been returned *nulla bona*. Liberty Mutual removed this action to the United States District Court for Maryland pursuant to § 1441 of Title 28, United States Code, plaintiff Bevans being a citizen of California at the time of commencement of the action and the defendant, Liberty Mutual, a corporation of Massachusetts with its principal place of business there. The insurance contract was issued in Maryland to a Maryland corporation (Arlington) and the events giving rise to the action occurred in Maryland and at that time the persons and corporations involved in the ownership and use of the accident vehicle were citizens of Maryland.

The question before us relates to the status of the driver, Dennis. Plaintiff contends that Dennis was an additional insured under this contract of in-

---

1. Sometimes in the record referred to as "Liberty Mutual Insurance Companies."

2. The pertinent provisions of the policy are as follows: LIBERTY MUTUAL INSURANCE COMPANY, BOSTON, MASSACHUSETTS (A mutual insurance company, herein called the company) Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

INSURING AGREEMENTS

I. Coverage A—Bodily Injury Liability To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \*

III. Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

\* \* \* \* \*

(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

\* \* \* \* \*

EXCLUSIONS

This policy does not apply:

\* \* \* \* \*

(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law,

\* \* \* \* \*

surance, while the defendant contends that he was not, due to the exception [Para. III(a) (2) note 2, supra] limiting the definition of an omnibus insured under the contract. In addition, defendant contends that it must prevail since the employee exclusion, clause (d) note 2, supra, prevents application of this insurance where the employee of an insured under this contract is injured while in the course of his employment.

Subsequent to filing its answer, Liberty Mutual filed a motion for summary judgment alleging that, in light of the omnibus insured clause exception, the driver Dennis was not an insured under the policy. To support this the defendant appended a certified copy of Bevans' application for workmen's compensation benefits as a result of the accident and a portion of the deposition of Bevans establishing that both he and Dennis were employees of Danko and not of Arlington. Plaintiff Bevans filed a cross-motion for summary judgment alleging that, as a matter of law, Dennis was an additional insured and that Liberty Mutual was liable on the policy up to its limits of $100,000. The district court entered an order granting the defendant's motion, denying the plaintiff's motion and dismissing the complaint. From that order this appeal is taken.

We agree that the matter was proper for summary judgment and affirm the judgment below.

It is clear from the pleadings and exhibits that Arlington was the named insured and that it had lent the truck to Danko. The latter being a corporate entity, it is obvious that one of its personnel would have to operate the truck.

This being so, plaintiff contends that the implied consent was given to Dennis by the named insured Arlington and that he, therefore, became an additional insured and would not be excluded from coverage by virtue of the workmen's compensation exclusion since Bevans was not his employee. In making this argument, plaintiff overlooks what we think to be the main purpose of the fellow employee exception under the omnibus clause.

As plaintiff correctly points out in his brief, an employer is exposed to two types of injury suits, one being internal from his employees and covered by workmen's compensation or other employer liability insurance, and the second being external involving third party injuries and protected by general liability insurance. However, plaintiff fails to appreciate that the insurer who is also a party to this contract is likewise exposed to two possible fields of liability in insuring an employer and must compute its premiums accordingly. Were it to be liable in a situation such as that at bar it would have to increase its premiums and thereby require the employer to pay twice for protection against claims of employees; once under his employer liability policy and again under his general liability policy. As a result it became necessary to insert the employee exclusion, clause (d), in the policy in an attempt to divorce employee liability coverage from general public liability insurance. This approach failed, however in some jurisdictions [3] where the courts held the word "insured" to include the party calling for insurance protection rather than restricting it to the named insured.

---

3. e. g., Kaifer v. Georgia Cas. Co., 67 F. 2d 309 (9th Cir. 1933). The policy excluded coverage in cases of "injuries or death to any employee of the Assured" who was operating or caring for the insured automobile or at the time engaged in the business of the Assured. The court refused to restrict the meaning of "Assured" to the named insured and since the injured fellow employee was not engaged in the business of the negligent employee, who by the terms of the omnibus clause was an "additional assured," the exclusion clause was not applicable and coverage was decreed:

> If defendant had desired to exclude liability for any injury to any employee of Columbia [named insured] caused by a fellow employee of Columbia, such exclusion would have been clearly expressed in the policy. Id. at 310.

Other jurisdictions [4] limited the scope of the word "employee" in the same clause to mean a person in the employ of the particular insured (named or additional) against whom the liability is being asserted and who is the party calling for coverage. Either way the result was the same. The insurer was confronted with greater liability than that for which he had contracted. What followed was the insertion of the fellow-employee exception [Para. III(a) (2)] in the omnibus clause so as to express the clear intent of the insurer to divorce completely employer liability from general liability coverage. Stewart v. Liberty Mut. Ins. Co., 256 F.2d 444 (5th Cir. 1958); Johnson v. Aetna Cas. & Sur. Co., 104 F.2d 22 (5th Cir. 1939); Ward v. Curry, 341 S.W.2d 830 (Mo.1960).

In this case, as concerns the named insured Arlington, Bevans and Dennis are third parties and cannot collect employer insurance through Arlington. Had they been employees of Arlington, then there would have been no recovery under the policy with Arlington as the named insured since any such recovery would have been excluded by the employee exclusion clause; nor would there have been any general liability coverage since Dennis could not be defined as an insured due to the fellow employee limitation of the omnibus coverage provision. Stewart v. Liberty Mut. Ins. Co., supra. Instead, the facts here are merely one step removed, i. e., instead of being Arlington's employees they are Danko's employees and Danko is an additional insured by virtue of its permission to use the truck in its business. However, even though Danko is an additional insured under the omnibus insured clause, still it would be excluded from coverage in this case by virtue of the employee exclusion clause.

This leaves as the only possibility of coverage the fact that Dennis may himself be an additional insured. For the reasons given below we conclude that he was not.

The pertinent provisions of the omnibus insured clause are as follows:

III. Definition of Insured (a) With respect to the insurance for bodily injury liability * * * the unqualified word "insured" includes the named insured * * * and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with the permission of [the named insured].

Down to this point Dennis would be an "insured" since he was the agent acting within the scope of his employment by the organization (Danko) to whom express permission was given. However, the definition goes on to impose a qualification commonly referred to as the fellow-employee exception.

The insurance with respect to any person or organization other than the named insured * * * does not apply:

\* \* \* \* \*

(2) to any employee with respect to injury to * * * another employee of the *same employer* injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer. [Emphasis added.]

To say that Dennis is not excluded by this qualification from being an additional insured because Bevans was not his employee is to ignore the plain language of subclause (2) in light of the reasons which led to the insertion of this exception. The clause relates the employee denied coverage (Dennis) to the injured employee (Bevans) through their mutual employment by the "same employer." It in no way relates them to an "insured" nor does it intend to. It is the use of the phrase "same employer" that is crucial and as such defeats the plaintiff's construction which would require

4. e. g., Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 89 So.2d 373 (1956).

us to substitute the words "named insured" in its place. By using the phrase "same employer" the insurer averts the quagmire of confusion which in the past resulted from the use of the word "insured." [5]

In sum, it is clear that this omnibus insured exception is designed to prevent the negligent fellow employee from being an additional insured under this policy and thereby allowing the injured fellow employee to recover workmen's compensation or other types of employer liability insurance from their mutual employer and, in addition, general liability insurance from the named insured's carrier. Ward v. Curry, supra. By virtue of this provision, the injured employee is properly relegated to his claim for workmen's compensation.

As a further contention plaintiff argues that the fellow-employee clause is ambiguous and capable of multiple interpretations and therefore should be construed in the manner which will uphold coverage. McEvoy v. Security Fire Ins. Co., 110 Md. 275, 73 A. 157, 22 L.R.A.,N.S., 964 (1909). While it is true that the Maryland court expressed this policy in *McEvoy*, still the interpretation urged by the party calling for insurance must be a reasonable one, Aviation Employees Ins. Co. v. Barclay, 237 Md. 318, 206 A.2d 119 (1965); Transatlantic Fire Ins. Co., etc. v. Dorsey, 56 Md. 70 (1880), since the Maryland rule is to construe the insurance contract,

> without any predisposition toward either contractual party, so as to give effect to the intention of the parties, in accordance with the ordinary and usually accepted meaning of the language used when consider-

ed in connection with the subject matter and the canons which are applicable in the construction of a written contract. If the language be without ambiguity, the court must give it effect notwithstanding an apparent hardship, since the parties have so chosen to agree.

New England Mut. Life Ins. Co. of Boston, Mass. v. Hurst, 174 Md. 596, 603, 199 A. 822, 826 (1938).

Here we find the questioned provisions of the contract "clear and explicit, [and] they must be allowed their full force and effect; there being no distinction in this respect between the contract of insurance and any other contract." Transatlantic Fire Ins. Co., etc. v. Dorsey, op. cit. 56 Md. at 79; Watson v. United States F. & G. Co., 231 Md. 266, 189 A.2d 625 (1963); New England Mut. Life Ins. Co. of Boston, Mass. v. Hurst, supra. Neither do we find that the fellow-employee limitation violates the public policy of Maryland as expressed in its Financial Responsibility Act, Maryland Code Ann. Art. 66½ § 116 et seq. (1957). Cf. Pennsylvania Threshermen and Farmers' Mut. Cas. Ins. Co. v. Travelers Ins. Co., 233 Md. 205, 196 A.2d 76 (1963). All the clause says is that where a party calling for insurance and the party claiming the injury were employed by the "same employer" then the party calling for insurance is excluded from being an additional insured under the contract. In more precise terms the clause simply means that if you cause injury to your fellow-employee you cannot call for protection as an additional insured. Certainly there is nothing ambiguous or misleading in such a statement.

---

5. Some insurers used the words "same insured" rather than "same employer" in their omnibus insured limitation clause. The former language would be more restrictive, however, since the mutual employer would have to be either a named or additional insured under the terms of the policy. Cf. Malisfski v. Indemnity Ins. Co., 135 F.2d 910 (4th Cir. 1943) (decided under Maryland law); State Farm Mut. Auto Ins. Co. v. MacKechnie, 114 F.2d 728 (8th Cir. 1940); Johnson v. Aetna Cas. & Sur. Co., supra. Furthermore, the purpose of the omnibus clause is to define who is an "insured" and therefore the use of that same word, "insured," in the definition would make the definition one which begs the question.

As applied to the facts of this case, the clause means:

The insurance with respect to any person * * * other than the named insured [Arlington] * * * does not apply:

* * * * * *

(2) to any employee [Dennis] with respect to injury * * * of another employee [Bevans] of the same employer [Danko] injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer [Danko].

See Stewart v. Liberty Mut. Ins. Co., 256 F.2d 444 (5th Cir. 1958). Any other construction would not be reasonable. Accordingly, the judgment of the District Court is

Affirmed.