20922

Doris L. FERNANDER, Administratrix of Estate of Brenda Fernander, Appellant, v. Cecil THIGPEN, A&H Foods, Inc., and Burger Chef's Systems, Inc., Respondents.

(253 S. E. (2d) 512)

*Edward V. Atkinson* of *Atkinson & Davis,* and *Ramon Schwartz, Jr.,* of *Schwartz, Young & Durant,* Sumter, *for appellant.*

*Robert W. Brown* of *Weinberg, Warner, Brown & Mc-Dougall,* Sumter, *for respondent Thigpen.*

*George C. James* of *Richardson, James & Player,* Sumter, *for respondent A&H Foods, Inc.*

*Jack W. Erter, Jr.* of *Lee, Moise, Myers & Erter,* Sumter, *for respondent Burger Chef's Systems, Inc.*

March 29, 1979.

*Per Curiam:*

Wrongful death and survival actions were commenced by appellant, Doris Fernander, against the corporate defendants, A & H Foods, Inc. and Burger Chef's Systems, Inc., and defendant Thigpen, as their agent, to recover damages sustained when her daughter was killed in an automobile accident while being transported home from her place of employment. The lower court held that these common law actions could not be maintained inasmuch as appellant's "exclusive" remedy for damages arising out of her daughter's employment was under the Workmen's Compensation Act, §§ 42-1-540, 42-5-10, S. C. Code of Laws (1976). The lower court premised its decision upon a finding that the deceased and the defendant Thigpen, the driver of the automobile, were fellow employees acting in the scope of their employment at the time of the accident. This appeal is from the order of the lower court granting summary judgment in favor of the three defendants. We reverse and remand.

Plaintiff's intestate, 15 year old Brenda Fernander, was employed on a late shift by Burger Chef in Sumter. On January 16, 1976, Brenda completed her work and "punched out" at 10:42 P. M. While she was awaiting a ride from her father, she assisted in the late night clean-up operation of the establishment. Brenda's father called her place of employment about 2:00 A. M. and talked with the defendant, Thigpen, who was then assistant manager at Burger Chef. Upon ascertaining from Brenda that she was not yet ready to leave,

Thigpen voluntarily offered to take Brenda home in his personal automobile. After leaving the restaurant, Thigpen lost control of his automobile which resulted in fatal injury to Brenda. By way of affidavit, Brenda's mother stated that the accident occurred at a point one half mile beyond her home and, in order to reach the scene of the accident, it would have been necessary for Thigpen to have driven directly past her residence.

These actions were brought against Thigpen, as driver of the automobile, and his alleged employers, A & H Foods, Inc. and Burger Chef's Systems, Inc., upon allegations that Thigpen was acting as the agent of his employers at the time of the fatal accident. The corporate defendants, by way of separate answers, allege, *inter alia,* that neither Brenda nor Thigpen was "working [for them] as an agent, servant or employee at the time of the accident." As an additional defense, the defendants asserted that even if Thigpen were their agent or employee at the time of the accident, plaintiff's "exclusive remedy" would be under the Workmen's Compensation Act. Upon this latter defense, all three defendants moved for summary judgment. In granting this motion, the lower court necessarily ruled as a matter of law that both the deceased and the driver, Thigpen, were acting in the course of their employment at the time of the accident.

In determining whether summary judgment was properly granted, we consider the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the appellant. Summary judgment should be granted only when it is clear that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *Jamison v. Howard,* S. C., 247 S. E. (2d) 450 (1978).

> The substantive law involved in this case is succinctly stated in *Powers v. Powers,* 239 S. C. 423, 428, 123 S. E. (2d) 646, 647 (1962):

Did the injury to the employee arise out of, and in the course of his employment? If it did, he cannot maintain an

action at common law against his fellow employee whose negligence caused his injury.

We are of the opinion from a review of the pleadings ■ and record before us, taking into consideration the reasonable inferences to be drawn therefrom, that summary judgment was improvidently granted in this case. Whether the driver and deceased were in the scope and course of their employment at the time of the accident is an issue to be determined at the trial of the case. Since we remand for trial, we refrain from discussing the case in greater detail.

Accordingly, the order of the lower court granting respondents' motion for summary judgment is reversed and the case remanded for trial.

Reversed and remanded.