519 A.2d 743

**Douglas E. LARIMORE**

v.

**The AMERICAN INSURANCE COMPANY, et al.**

**No. 425, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Jan. 9, 1987.

Robert W. King, Greenbelt, for appellant.

James S. Wilson (James M. Brault and Brault, Graham, Scott & Brault, on the brief), Rockville, for appellee, American Ins. Co.

Argued Before GILBERT, C.J., and ROSALYN B. BELL and POLLITT, JJ.

ROSALYN B. BELL, Judge.

Douglas E. Larimore brought suit against his employer's automobile liability carrier, American Insurance Company,[1] seeking a declaratory judgment that a provision in his employer's insurance policy which excluded him from coverage is contrary to the express public policy of the State of Maryland. The Circuit Court for Prince George's County

---

1. Larimore also named Moving Masters and Joseph Williams as defendants. Neither of them has filed a brief on appeal.

entered judgment for American Insurance. Larimore presents two questions on appeal:

——Whether the fellow employee exclusion contained in the policy of automobile liability insurance issued by American Insurance Company is contrary to the provisions of Md.Transp. Code Ann. § 17 (1977, 1984 Repl. Vol.), and thus is contrary to the general public policy of the State of Maryland and therefore void.

——If the fellow employee exclusion is void, whether American Insurance Company is liable for payment up to the stated policy limits or only to the extent of the statutorily required minimums.

American Insurance Company is licensed to issue insurance policies which comply with the compulsory automobile insurance laws of the State of Maryland. Moving Masters, Incorporated is a corporation licensed to do business in the State of Maryland. In April of 1983, American Insurance issued a business automobile policy to Moving Masters effective April 15, 1983 through August 15, 1984. The policy covered motor vehicles used in the course of Moving Masters's business operations. While the combined bodily injury and property damage limit of the policy was $500,-000, the policy contained a provision excluding from liability coverage any employee who injured a co-worker while operating a covered vehicle. This fellow employee exclusion,[2] located within the liability insurance provisions of Moving Masters's policy, provided:

"C. WE WILL NOT COVER—EXCLUSIONS.

This insurance does not apply to:

\*　　\*　　\*　　\*　　\*　　\*

---

2. We will use the term "fellow employee exclusion" to refer to a general standard exclusion. To denote the particular fellow employee exclusion in Moving Masters's business automobile policy, we will refer to "Exclusion 4."

4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment."

Section D of the policy's liability insurance provision described who qualified as an insured under Exclusion 4. That section provided in pertinent part:

"D. WHO IS INSURED.

1. You are an insured for any covered auto.

\* \* \* \* \* \*

3. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow...."

On May 31, 1983, Douglas E. Larimore and Joseph Benjamin Williams, both employees of Moving Masters, were involved in an accident while in the course of their common employment. Williams was operating a 1970 GMC Model DS Tractor owned by Moving Masters and covered under its business automobile policy. Williams seriously injured Larimore when he backed the tractor over Larimore's legs.

Larimore filed a worker's compensation claim for which he received $25,781.44 in benefits. Larimore also filed suit in the Circuit Court for Prince George's County against Williams on the ground of negligence. Because Williams qualified as an insured under Section D of the liability provision in Moving Masters's policy, a copy of Larimore's Declaration was sent to a claims adjuster for American Insurance advising that Williams was being sued. American Insurance denied coverage based on Exclusion 4 and three other separate exclusions also enumerated under Section C of Moving Masters's policy. Accordingly, it refused to defend Williams. Larimore obtained a default judgment against Williams in the amount of $200,000.

Larimore then brought an action against American Insurance seeking a declaratory judgment that American Insurance was required to provide coverage for Williams, and further that the insurer was liable for payment of the judgment to the extent of its policy limits. American Insurance moved for summary judgment on the grounds that

there was no dispute of any material fact and that under Section C of the liability provision of the policy in question, Exclusion 4 exempted the insurer from liability for "[b]odily injury to any fellow employee [Larimore] of the insured [Williams] arising out of and in the course of his [Larimore's] ... employment." In response, Larimore filed a motion for summary judgment contending that the fellow employee exclusion on which American Insurance relied was contrary to Maryland's policy of requiring minimum liability coverage for automobile accidents.

The court entered judgment in favor of American Insurance. Larimore filed this appeal. Since we agree with the circuit court that Exclusion 4, even though not expressly authorized by Maryland's compulsory insurance law, is valid, and that it applies to Larimore, we do not decide whether any of the remaining policy exclusions in Moving Masters's policy apply to Larimore. Nor need we reach Larimore's second question concerning the extent of American Insurance's liability.[3]

In 1972 the Legislature mandated that all owners of automobiles registered in Maryland insure their vehicles. 1972 Md.Laws Ch. 73, § 2. "This legislative policy has the overall remedial purpose of protecting the public by assuring that operators and owners of motor vehicles are financially able to pay compensation for damages resulting from motor vehicle accidents." *Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Gartelman,* 288 Md. 151, 154, 416 A.2d 734 (1980). A policy must contain personal injury protection (PIP) up to $2,500, liability coverage up to $20,000 for one injured person and up to $40,000 for two or more injured persons, and uninsured motorist (UM) coverage to the same extent as the minimum liability insurance. Md.Code Ann.

---

**3.** We recognize that the recent holding of the Court of Appeals that a household exclusion provision in a motor vehicle insurance policy is void as against public policy only to the extent of required minimum liability insurance would probably be dispositive of this issue. *See State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.,* 307 Md. 631, 516 A.2d 586 (1986).

Art. 48A, § 539(a) (1957, 1986 Repl.Vol.) (PIP); Md.Code Ann. Art. 48A, § 541(c)(2) (1957, 1986 Repl.Vol.) (UM); Md. Transp.Code Ann. § 17–103(b) (1977, 1984 Repl.Vol.) (liability insurance). Certain exclusions from the required coverages are specified in the statute. The case *sub judice* concerns an exclusion from liability coverage not expressly authorized by Maryland's mandatory insurance law. Thus, to resolve whether that exclusion is permissible, we will review the treatment by the Court of Appeals of other exclusions which similarly do not appear in the statute.

■ In *Gartelman,* the Court considered the validity of exclusions from the coverage required for PIP and UM insurance, where those exclusions were not expressly authorized in the Maryland Code. The PIP requirement provides that an automobile insurance policy must afford minimum medical, hospital and disability benefits to certain persons injured in an accident involving the insured's vehicle and to persons insured under the policy who are injured in an accident involving any other vehicle. Art. 48A, § 539(a). The purpose of requiring PIP is to guarantee some compensation to motor vehicle accident victims without regard to their fault. *Gartelman,* 288 Md. at 154, 416 A.2d 734. Section 545 of Article 48A permits a policy to exclude from PIP any person insured under the policy who, among other things, intentionally caused the accident, was injured while operating or riding in a stolen vehicle, or was injured while committing a felony. Art. 48A, § 545 (1957, 1986 Repl.Vol.).

■ The Legislature also mandated minimum UM coverage but specified permissible exclusions to it. An automobile insurance policy must provide coverage "for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle." Art. 48A, § 541(c)(2). The purpose of UM coverage is to provide compensation for "innocent victims of motor vehicle

accidents who are unable to recover from financially irresponsible uninsured motorists." *Gartelman,* 288 Md. at 157, 416 A.2d 734. The policy may exclude from UM coverage the named insured and family members residing in his or her household when one of them operates an uninsured motor vehicle he or she owns, and in addition to these parties any other person injured when the vehicle insured is operated by a named excluded driver. Art. 48A, § 541(c)(2)(i), (ii).

The policy at issue in *Gartelman* excluded from PIP an insured injured while occupying an uninsured motor vehicle owned by a named insured, and excluded from UM coverage an insured injured while occupying an uninsured motor vehicle owned by another insured. Neither of these exclusions were among those expressly authorized in the Maryland Code. In holding these exclusions invalid, the Court applied the rule of statutory construction that "[w]here a statute expressly provides for certain exclusions, other [sic] should not be inserted." *Gartelman,* 288 Md. at 156, 416 A.2d 734. The Court refused to validate exclusions from PIP and UM coverage in addition to those listed in the statute "which would be contrary to the remedial legislative purpose of assuring compensation for damages to victims of motor vehicle accidents without regard to fault." *Gartelman,* 288 Md. at 156, 416 A.2d 734.

In *Jennings v. Government Employees Insurance Company,* 302 Md. 352, 488 A.2d 166 (1985), the Court invalidated a household exclusion from the required liability coverage. The household exclusion involved in *Jennings* excluded liability coverage to an insured operating a covered vehicle where that person's negligent operation caused injury to a member of his or her family residing in the same household. The Court noted that under Maryland's mandatory insurance scheme, there was no household exclusion from mandatory liability coverage although one was authorized under the required UM insurance. *Jennings,* 302 Md. at 358–60, 488 A.2d 166. In declining to allow an exclusion

that would deprive benefits to a large class of persons injured in automobile accidents, the Court explained:

> "Recently in *DeJarnette v. Federal Kemper Ins. Co.*, *supra*, 299 Md. [708] at 725, 475 A.2d 454, Judge Couch for the Court, after quoting from *Gartelman* that ' "[w]here a statute expressly provides for certain exclusions, others shall not be inserted," ' stated that 'we are still in accord with the sound reasoning of *Gartelman* in light of the remedial purpose of Article 48A, §§ 538–547.' In our view, [the insurer] has offered no sound reason why this principle should not be applied to invalidate the household exclusion...."

*Jennings*, 302 Md. at 359, 488 A.2d 166.

Appellant would have us apply the reasoning of *Gartelman* and *Jennings* to invalidate the fellow employee exclusion at issue in the instant case. Appellant argues that the Legislature did not authorize the insurer to exclude from liability coverage an employee, driving a covered vehicle with permission, where that employee injures a co-worker. Thus, this Court should not insert a fellow employee exclusion into the statute.

■ Unlike in *Gartelman* and *Jennings*, however, there is a compelling reason to permit the fellow employee exclusion in this case. Moving Masters's policy provides coverage to all non-employees injured by an employee's negligent operation of the employer's automobile in the course of employment. An employee engaged in an activity outside of his or her employment who is injured by a co-worker's negligent operation of the employer's vehicle is also covered under the language of the policy. The only class of persons not protected under the automobile liability provision is that comprised of employees whose injuries arise "out of and in the course of [their] employment" due to a co-worker's negligent operation of a covered vehicle. This latter class of injured employees, however, is guaranteed, without litigating any issue of fault, worker's compensation benefits that may exceed the statutorily required $20,000 minimum

motor vehicle liability coverage.[4] Thus, Exclusion 4 is in harmony with the legislative purpose behind mandatory insurance of assuring at least a minimum recovery for damages incurred by victims of automobile accidents. It is one of those "many exclusions in automobile insurance policies [that] do not conflict with legislative policy and are therefore valid." *Jennings*, 302 Md. at 362, 488 A.2d 166.

In 1914 Maryland enacted its Workmen's Compensation Act as a scheme of protection both to provide employees injured while in the course of their employment with a definite and expedient method for payment of compensation and to protect employers from large monetary awards in civil suits brought against them by their employees. *See* 1914 Md.Laws 1429; *Liggett & Meyers Tobacco Co. v. Goslin*, 163 Md. 74, 80, 160 A. 804 (1932); Pressman, *Workmen's Compensation in Maryland* § 1–1 (1970). All employers with one or more employees subject to the Act are required to provide some form of worker's compensation. Md.Code Ann. Art. 101, § 16 (mandatory clause and permissible methods of insurance), § 19(f) (penalty for employer's failure to secure compensation), § 21(a) (employers subject to the Act), § 31 (certificate of compliance requirement) (1957, 1985 Repl.Vol., 1986 Supp.).

Generally, under Maryland's Workmen's Compensation Act, an employee who has suffered an accidental injury may receive approximately two-thirds of his or her average weekly wages, payment of all medical bills, vocational rehabilitation, additional compensation for the loss of the use of a part of the employee's body, and benefits to his or her dependents in the case of death. Md.Code Ann. Art. 101, § 36 (1957, 1985 Repl.Vol., 1986 Supp.). The employee may receive benefits "for injury ... arising out of and in the course of his employment without regard to fault," except

---

**4.** In the instant case, Larimore received worker's compensation benefits totaling $25,781.44, including $9,840.00 in indemnity benefits and $15,941.44 in medical payments. This amount exceeds the $20,000 required minimum liability insurance coverage for motor vehicles.

where the injury is a result of either the willful intention of the employee or of his or her self-induced intoxication while on duty. Md.Code Ann. Art. 101, § 15 (1957, 1985 Repl. Vol.). In exchange for these benefits, worker's compensation serves as the employee's exclusive remedy against the employer, although he or she may bring civil suit against third-party and co-employee tort-feasors. Md.Code Ann. Art. 101, § 36 (exclusive remedy), § 58 (third-party and co-employee civil liability) (1957, 1985 Repl.Vol.). ·

In the case *sub judice,* Moving Masters paid its premiums for the maintenance of statutorily required worker's compensation. Appellant submitted claims for his benefits and received compensation in excess of the amount statutorily mandated for automobile liability coverage. The public policy under mandatory motor vehicle insurance of protecting victims of automobile accidents is satisfied where an employer provides, and an injured employee is covered under, worker's compensation.

■ Moreover, even if an injured employee was able to collect on his or her judgment from the employer's motor vehicle liability carrier, the employer's compensation insurance carrier would be reimbursed for any worker's compensation benefits paid. Md.Code Ann. Art. 101, § 58. Double recovery is not permitted and the worker's compensation insurer has a right of subrogation. *Great Coastal Express, Inc. v. Schruefer,* 34 Md.App. 706, 731, 369 A.2d 118, *cert. denied,* 280 Md. 730 (1977). Hence, to require employers to provide fellow employee coverage would force the employer to pay two separate premiums in order to compensate the employee for injuries resulting from his or her employment. We find persuasive the holding of the Arizona Court of Appeals in a similar case which allowed the fellow employee exclusion. *Atkins v. Pacific Indemnity Ins.,* 125 Ariz. 46, 607 P.2d 29 (1980). The Court held that the exclusion "permits an owner having workmen's compensation to contract for automobile liability insurance which excludes his employees. He thereby obtains the benefit of a lower

premium, but his policy still conforms fully to the purpose of the [mandatory motor vehicle insurance law]." *Atkins,* 607 P.2d at 31, quoting *Farmers Ins. Group v. Home Indemnity Co.,* 108 Ariz. 126, 493 P.2d 909, 912 (1972).

While the interrelation of worker's compensation and a fellow employee exclusion is one of first impression before this Court, prior to the passage of this State's mandatory minimum insurance law, two federal courts applying Maryland law held the exclusion valid. In *Bevans v. Liberty Mutual Insurance Company,* 356 F.2d 577 (4th Cir.1966), and *Travelers Corporation v. Boyer,* 301 F.Supp. 1396 (D.Md.1969), each Court determined that the fellow employee exclusion before it did not conflict with this State's limited insurance law that required an owner of a motor vehicle, only after certain convictions and upon failure to satisfy certain judgments, to demonstrate financial responsibility by depositing security or obtaining insurance in order to maintain a registered vehicle.[5] The only federal case to deal with the fellow employee exclusion since passage of Maryland's mandatory minimum insurance law did not evaluate the State's changed public policy but assumed the validity of the exclusion since in *Bevans* it had considered and permitted an exclusion identical to the one before it. *See Riviera Beach Volunteer Fire Co. v. Fidelity & Casualty Co. of New York,* 388 F.Supp. 1114, 1123 (D.Md.1975).

In all three of these federal cases applying Maryland law each Court was persuaded in part by the fact that benefits were available to the injured employee under worker's compensation. *See Bevans,* 356 F.2d at 581; *Riviera Beach Volunteer Fire Co.,* 388 F.Supp. at 1122; *Travelers Corp.,* 301 F.Supp. at 1406. In *Bevans* particularly, the Court concluded that by allowing the fellow employee exclusion, "the injured employee is properly relegated to his claim for workmen's compensation." 356 F.2d at 581. We too are

---

**5.** Md.Code Ann. Art. 66½, §§ 118, 119, 122 (1957).

persuaded that this alternative coverage renders Exclusion 4 valid, even under Maryland's current mandatory insurance scheme.

Appellant contends that the growing trend in the law is to invalidate fellow employee exclusions from liability provisions in insurance contracts. Appellant's reliance on those cases cited in 12 Couch, *Cylopedia of Insurance Law* § 45:545 (Anderson ed. 1981), is misplaced. The treatise initially states:

> "Provisions excluding from the coverage of automobile liability policies liability for injury or death of the insured's employees have generally been recognized as a valid attempt to limit the coverage of the policy by excluding therefrom the special hazards incident to the master-servant relationship, coverage for which is usually available through workmen's compensation or employer's liability insurance...."

The two cases cited in the treatise which appellant contends support a trend toward invalidating fellow employee exclusions are factually inapposite. In *Makris v. State Farm Mutual Automobile Insurance Company*, 267 So.2d 105 (Fla.1972), the employer's motor vehicle insurance policy excluded liability coverage for injuries suffered by an employee in the scope of his employment. *Makris* is not helpful to appellant's argument for three reasons: first, the exclusion at issue in *Makris* was much broader than a fellow employee exclusion; second, there the tort-feasor was the employer, not a co-worker; and third, there was no mention in the case that worker's compensation was available.

*Bellafronte v. General Motors Corporation*, 376 A.2d 1294, 1298, *cert. denied*, 384 A.2d 513 (N.J.1977), is also of no assistance to appellant. There the predecessor law to New Jersey's Compulsory Motor Vehicle Insurance Coverage Act expressly exempted from coverage victims' claims that were covered under New Jersey's Workers' Compensation Act. The new mandatory insurance law did not contain a similar exemption. Based on this, the New Jersey Court

on Motion for Rehearing simply stated that "[s]ince the [mandatory motor vehicle insurance] statute does not exempt the workers' compensation victim, the policy may not exempt him either, and indeed [the insurer's] policy does not appear to have attempted to do so." *Bellafronte*, 376 A.2d at 1298. Hence, the validity of a fellow employee exclusion from required liability insurance was not at issue in *Bellafronte*. The insurer merely attempted to escape coverage under an outdated statutory exemption.

Appellant next argues that holding Exclusion 4 valid would contravene the mandate from the Court of Appeals in *Jennings* that "[t]he exclusion of a large category of claimants, suffering bodily injury arising from accidents, is not consistent with [mandatory liability coverage]." 302 Md. at 360, 488 A.2d 166. We disagree.

Exclusion 4 does not eliminate liability coverage to all employees who through the negligent use or operation of a covered vehicle injure third parties. It only excludes coverage when an employee injures a co-employee. Hence, non-employee third parties are not an excluded class of claimants. They can seek recovery from the insurer of the vehicle for a judgment entered against the tort-feasor employee. The only "category of claimants" excluded from recovery is that comprised of employees injured by their co-worker's negligent operation of the employer's covered vehicle. Members of this group, however, unlike their injured non-employee counterparts, have access to immediate benefits under worker's compensation. Although ordinary tort damages, including pain and suffering, future lost wages, and loss of consortium, are not available under worker's compensation, the injured employee does not face common law defenses such as assumption of risk and contributory negligence. Absent cases where the employee injures himself or herself intentionally or as the result of self-induced intoxication, the employee is completely free from having to litigate any issue of fault. *See* Md.Code Ann. Art. 101, § 15. This is a sound balancing of interests.

Long ago this State made a policy choice

"to withdraw from litigation common law actions brought by employees against employers for accidental injuries growing out of and sustained in the course of the employment, and to substitute in the place of the right of action in such cases certain definite and specified amounts to be paid to the injured party, and to his dependents ... in case the injured party died as a result of the injury...."

*Cambridge Mfg. Co. v. Johnson,* 160 Md. 248, 251, 153 A. 283 (1931). The employee injured by his or her co-worker's negligent use or operation of the employer's covered vehicle receives compensation that is immediate, that cannot be eliminated due to his or her own contributory negligence, and that may provide benefits well in excess of $20,000. In addition, the injured employee retains the right to sue his or her co-worker in tort. *See Leonard v. Sav-A-Stop Services, Inc.,* 289 Md. 204, 208, 424 A.2d 336 (1981). While this "category of claimants" may be excluded from benefiting under the employer's business automobile policy, the remedial purpose of mandatory insurance is not thwarted; the employee receives reparation for his or her injuries through worker's compensation.

■ We recognize that the employer owes no duty under tort law to provide employees with liability coverage for suits brought against them by their co-workers. *Leonard,* 289 Md. at 219, 424 A.2d 336. This compounded with our holding leaves the tort-feasor employee potentially uninsured[6] from civil liability when his or her negligent operation of an employer's vehicle has injured a co-employee. Maryland's mandatory motor vehicle insurance law, however, does not state—and the Court has never interpreted—the purpose of that statute to be for the protection of a tort-feasor's assets. Section 17 of the Transportation Code is not concerned with protection for the negligent user or operator of an automobile. Rather it is concerned with "the

---

6. The tort-feasor employee may well have his or her own coverage.

payment of claims for bodily injury or death." Md.Transp. Code Ann. § 17–103(b). As *Jennings* makes clear, the Legislature's sole purpose in requiring liability coverage is for the compensation of injured victims of automobile accidents. 302 Md. at 360, 488 A.2d 166.

In the case of injuries resulting from serious accidents, even the assets of an insured tort-feasor are at risk beyond the mandatory minimum liability insurance requirement unless he or she contracted for coverage sufficient to settle the claims against him or her. We do not believe that permitting a fellow employee exclusion such as Exclusion 4 significantly alters the financial burden to which all users and operators of motor vehicles are exposed.

In view of the purpose of mandatory motor vehicle insurance—the protection of automobile accident victims—we see no reason not to hold valid Exclusion 4 in Moving Masters's business automobile policy. Thus, since Moving Masters provided liability coverage to its employees that injure non-employee third parties by their negligent operation of the employer's vehicle, and made available worker's compensation benefits to appellant, Exclusion 4 does not violate the public policy of this State.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.