552 A.2d 889

**Douglas F. LARIMORE**

v.

**The AMERICAN INSURANCE COMPANY et al.**

**No. 42, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 6, 1989.

Robert W. King, Greenbelt, for appellant.

James S. Wilson (James M. Brault and Brault, Graham, Scott & Brault, on the brief), Rockville, for appellees.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ. and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

ELDRIDGE, Judge.

Under Maryland's compulsory motor vehicle insurance law, there must be maintained on every motor vehicle

required to be registered in Maryland certain security, usually in the form of a motor vehicle liability insurance policy, which provides coverage for the payment of liability claims. Maryland Code (1987), § 17–103(a) of the Transportation Article. In addition, every motor vehicle liability insurance policy issued, sold, or delivered in Maryland must provide specified minimum liability coverage. Code (1957, 1986 Repl.Vol.), Art. 48A, § 541(a). In addition to mandatory liability insurance, the statutory provisions require various other coverages for Maryland motor vehicles and in Maryland motor vehicle insurance policies. Finally, the statutory provisions authorize specified exclusions to the required security and required insurance coverages. *See generally Nationwide v. USF & G*, 314 Md. 131, 550 A.2d 69 (1988), and cases there cited.

Turning to the case at bar, the issue before us is whether a "fellow employee" exclusion in a motor vehicle liability insurance policy is valid in light of Maryland's compulsory motor vehicle insurance law and Maryland's workers' compensation law.[1]

Douglas E. Larimore and Joseph Benjamin Williams were both employees of Moving Masters, Inc., and, while in the course of their employment, were involved in an accident giving rise to this litigation. Williams was driving a truck or tractor (without the trailer attached) owned by Moving Masters, and he accidentally backed the vehicle over Larimore's legs, causing serious injuries. The truck was covered under Moving Masters' motor vehicle liability insurance policy issued by the American Insurance Company, and containing liability limits of $500,000.00. Williams was an insured under that policy.

---

**1.** "The Maryland Workmen's Compensation Act permits an employee, suffering a compensable injury because of the negligence of a fellow employee, to bring a personal injury action against that co-employee." *Hauch v. Connor*, 295 Md. 120, 121, 453 A.2d 1207 (1983). *See also Leonard v. Sav–A–Stop Services*, 289 Md. 204, 208, 424 A.2d 336, 337 (1981), and cases there cited.

Larimore filed a claim with the Workmen's Compensation Commission and received workers' compensation benefits. Larimore also brought a tort action in the Circuit Court for Prince George's County against Williams. Copies of Larimore's pleadings in the tort action were sent to the American Insurance Company. American, however, denied coverage and refused to provide Williams with a defense. The basis for the insurer's denial of coverage was the "fellow employee" exclusion in the policy. That exclusion provided:

"This insurance does not apply to:

\*     \*     \*     \*     \*     \*

"4.   Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment."

The tort action concluded with Larimore obtaining a default judgment against Williams in the amount of $200,000.00.

Thereafter, Larimore filed in the Circuit Court for Prince George's County the present action against the American Insurance Company. Larimore sought a declaratory judgment that the motor vehicle was covered by the insurance policy at the time of the accident, that the fellow employee exclusion was void under Maryland's compulsory insurance law, and that the American Insurance Company was contractually bound to pay the judgment against Williams. The American Insurance Company defended on the ground that the fellow employee exclusion was valid. Both sides filed motions for summary judgment, in which the only disputed issue was the validity of the fellow employee exclusion. After a hearing, the circuit court granted the American Insurance Company's motion and issued a declaratory judgment that the fellow employee exclusion was valid under Maryland law and was applicable to this case.

Larimore appealed, and the Court of Special Appeals affirmed, upholding the validity of the fellow employee exclusion. *Larimore v. American Ins. Co.*, 69 Md.App. 631, 519 A.2d 743 (1987). The Court of Special Appeals recognized that the fellow employee exclusion was not

specifically authorized by the statutory provisions relating to required security and motor vehicle liability insurance policies. The Court of Special Appeals went on to discuss *Pennsylvania Nat'l Mut. v. Gartelman*, 288 Md. 151, 416 A.2d 734 (1980); *Jennings v. Government Employees Ins.*, 302 Md. 352, 488 A.2d 166 (1985), and other cases decided by this Court, indicating that the cases set forth the principle that " 'where a statute expressly provides for certain exclusions, others shall not be inserted.' " *Larimore v. American Ins. Co., supra*, 69 Md.App. at 637–638, 519 A.2d at 746–747. The Court of Special Appeals concluded, however, that the fellow employee exclusion should be upheld because of the availability of workers' compensation benefits. The intermediate appellate court explained (69 Md.App. at 638–639, 519 A.2d at 747):

"Unlike in *Gartelman* and *Jennings*, however, there is a compelling reason to permit the fellow employee exclusion in this case. Moving Masters's policy provides coverage to all non-employees injured by an employee's negligent operation of the employer's automobile in the course of employment. An employee engaged in an activity outside of his or her employment who is injured by a co-worker's negligent operation of the employer's vehicle is also covered under the language of the policy. The only class of persons not protected under the automobile liability provision is that comprised of employees whose injuries arise 'out of and in the course of [their] employment' due to a co-worker's negligent operation of a covered vehicle. This latter class of injured employees, however, is guaranteed, without litigating any issue of fault, worker's compensation benefits that may exceed the statutorily required $20,000 minimum motor vehicle liability coverage. Thus, Exclusion 4 is in harmony with the legislative purpose behind mandatory insurance of assuring at least a minimum recovery for damages incurred by victims of automobile accidents. It is one of those 'many exclusions in automobile insurance policies [that] do not

conflict with legislative policy and are therefore valid.'
*Jennings,* 302 Md. at 362, 488 A.2d 166."

And later (69 Md.App. at 640, 519 A.2d at 748):

"The public policy under mandatory motor vehicle insurance of protecting victims of automobile accidents is satisfied where an employer provides, and an injured employee is covered under, worker's compensation."

This Court granted Larimore's petition for a writ of certiorari which challenged the validity of the fellow employee exclusion.[2]

On several occasions recently we have reiterated the principle that " 'where the Legislature has required specified coverages in a particular category of insurance, and has provided for certain exceptions or exclusions to the required coverages, additional exclusions are generally not permitted,' " *Nationwide v. USF & G, supra,* 314 Md. at 141, 550 A.2d at 74, quoting *Gable v. Colonial Insurance Company,* 313 Md. 701, 704, 548 A.2d 135, 137 (1988). *See, e.g., Lee v. Wheeler,* 310 Md. 233, 238–239, 528 A.2d 912, 915 (1987); *State Farm Mut. v. Nationwide Mut.,* 307 Md. 631, 637–638, 516 A.2d 586, 589 (1986); *Jennings v. Government Employees Ins., supra,* 302 Md. at 359, 488 A.2d at 169; *DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 725, 475 A.2d 454 (1984); *Pennsylvania Nat'l Mut. v. Gartelman, supra,* 288 Md. at 156, 159–160, 416 A.2d 734.

In the view of both the Court of Special Appeals and the respondent American Insurance Company, an exception to

---

**2.** Larimore's petition for a writ of certiorari also presented a second question as follows:

"IF THE FELLOW EMPLOYEE EXCLUSION IS VOID, IS THE RESPONDENT INSURER LIABLE FOR PAYMENT UP TO IT'S STATED POLICY LIMITS OR ONLY TO THE EXTENT OF THE STATUTORILY REQUIRED MINIMUM."

At oral argument before us, however, Larimore's counsel conceded that, under our decision in *State Farm Mut. v. Nationwide Mut.,* 307 Md. 631, 516 A.2d 586 (1986), the insurer would ordinarily be liable only to the extent of the statutorily required minimum. The only question before this Court, therefore, is whether the fellow employee exclusion is valid.

the above-quoted principle is justified for the fellow employee exclusion. The American Insurance Company argues that the fellow employee exclusion does not violate statutory policy, as "[t]he public policy of the compulsory insurance laws is to assure compensation to innocent victims of motor vehicle accidents," and the "exclusion applies only where the injured employee is already entitled to compensation through workers' compensation." (Respondent's brief, pp. 11–12). The position of the Court of Special Appeals and the American Insurance Company is that the availability of compensation to the injured plaintiff from a collateral source, namely workers' compensation, warrants an exclusion from compulsory liability insurance in addition to those exclusions recognized by the Legislature.

One problem with the Court of Special Appeals' and the American Insurance Company's position is that the fellow employee exclusion operates regardless of whether the injured victim of the motor vehicle accident actually receives workers' compensation benefits, or, if he receives benefits, regardless of the amount of those benefits. The clause in the insurance policy does not provide for a set-off. Instead, it removes all insurance coverage and leaves the tort defendant uninsured if the tort plaintiff is a fellow employee, and if the accident arose out of and in the course of employment. Contrary to the view of the Court of Special Appeals, in some circumstances the injured fellow employee may not receive workers' compensation benefits equal to his actual tort damages up to $20,000.00.

There is, however, a more fundamental reason for rejecting the approach of the Court of Special Appeals and the American Insurance Company. The effect of collateral source payments, including workers' compensation benefits, upon the mandatory motor vehicle insurance coverages, has been extensively dealt with by the General Assembly in the Insurance Code, Art. 48A, §§ 540–545. For example, § 540 provides that collateral source benefits generally may not affect the payment of benefits required under § 539, but the section goes on to delineate an exception under specified

circumstances. Section 543 deals extensively with the matter of duplication of benefits and coordination of insurance policies. Section 543(d) specifically authorizes a reduction in benefits payable under several mandatory coverages to the extent that workers' compensation benefits have actually been "recovered."

Since the General Assembly has extensively considered the relationship between collateral source benefits and the mandatory minimum motor vehicle insurance coverages, and has determined what reductions and exclusions in the compulsory insurance benefits are allowable because of collateral source payments, this Court has been most reluctant to uphold additional set-offs or exclusions. In *Gable v. Colonial Ins. Co., supra,* 313 Md. 701, 548 A.2d 135, we held invalid a provision in a motor vehicle insurance policy which would have barred the recovery of personal injury protection benefits required by Art. 48A, § 539, whenever the injured party was entitled in the future to recover workers' compensation benefits, on account of the same injury, in a greater amount than the § 539 benefits. In *Insurance Com'r v. Prop. & Cas. Corp.,* 313 Md. 518, 531–532, 546 A.2d 458 (1988), we rejected an insurer's effort to require that an injured party exhaust a third party claim against the tort-feasor before being entitled to personal injury protection benefits under § 539, and we rejected any effort to have § 539 payments reduced by the amount recovered on a third party claim. The Court pointed out that such exclusions and set-offs against mandated coverages, because of collateral sources, went beyond what was authorized by the Legislature. The American Insurance Company has offered no compelling reason why the result in the instant case should be different, and why we should uphold an exclusion from the minimum mandatory liability coverage because of the asserted availability of workers' compensation benefits.

As previously noted, *supra* n. 1, Maryland workers' compensation law permits a worker, injured in the course of

employment, to maintain a tort action against a fellow employee whose negligence caused the injury, even though the injured worker may be entitled to or has collected workers' compensation benefits. Many injuries in this category result from motor vehicle accidents. To uphold the fellow employee exclusion in motor vehicle insurance policies could result in a large class of claimants being without liability insurance coverage and in a large class of uninsured motorists. In *Jennings v. Government Employees Ins., supra,* 302 Md. at 360, 488 A.2d at 170, after quoting the statutory provisions mandating liability coverage for all Maryland registered motor vehicles, this Court stated:

"The exclusion of a large category of claimants, suffering bodily injury arising from accidents, is not consistent with this language. Moreover, if any and all exclusions from this required liability coverage are valid as long as they are not expressly prohibited by statute, the purpose of compulsory automobile liability insurance could be frustrated to a significant extent."

The reasoning is fully applicable to the fellow employee exclusion.

We recognize that there are several cases upholding or applying the fellow employee exclusion. Those cases, however, either do not involve a compulsory liability insurance law [3] or involve a jurisdiction where a statute authorizes the exclusion.[4] Moreover, in many of these jurisdictions, the workers' compensation law prohibits fellow employee tort

---

**3.** For example, *Bevans v. Liberty Mutual Insurance Company,* 356 F.2d 577 (4th Cir.1966), applying Maryland law, was decided before the adoption of Maryland's compulsory motor vehicle insurance law. In *Leonard v. Sav-a-Stop Services, supra,* 289 Md. at 208 n. 3, 424 A.2d at 338 n. 3, we pointed out that this Court had never ruled upon the question decided in *Bevans v. Liberty Mutual Insurance Company, supra.*

**4.** *See, e.g., Atkins v. Pacific Indemn. Ins. Group,* 125 Ariz. 46, 47, 607 P.2d 29 (Ariz.Ct.App.1979); *Cal.–Farm Insurance Co. v. Fireman's Fund Insurance Co.,* 54 Cal.App.3d 708, 712, 126 Cal.Rptr. 704 (1976).

actions.[5]

On the other hand, where the court was concerned with compulsory motor vehicle liability insurance, and the exclusion was not expressly authorized by statute, it was held invalid. For example, in *Makris v. State Farm Mutual Automobile Ins. Co.*, 267 So.2d 105, 108–110 (Fla.App.1972), the Florida court, after reviewing other cases, stated in language fully applicable here:

"These cases support the proposition that once an automobile liability policy is certified as proof of financial responsibility for the future under the ... Financial Responsibility Law, it becomes an insurance policy for the benefit of the public using the highways of this State. Therefore, it may not contain exclusions which destroy the effectiveness of the policy as to any substantial segment of that public. It follows that to find State Farm's employee exclusion provision a valid provision, would be to limit the efficacy of the certified policy, so that all persons who were injured while the employee was driving the car would be without remedy. This result is in derogation of the ... Financial Responsibility Law and is therefore against the public policy of the State."

*See also, e.g., Canal Ins. Co. v. Merritt*, 654 F.Supp. 285, 288–289 (W.D.Mo.1986).

Consequently, we hold that the fellow employee exclusion is invalid under Maryland law. It was error for the circuit court to have granted American Insurance Company's motion for summary judgment and to have declared the exclusion valid.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUN-

---

**5.** *See, e.g., Altman v. Sanders,* 267 N.C. 158, 161, 148 S.E.2d 21 (1966); *Fernander v. Thigpen,* 273 S.C. 28, 30–31, 253 S.E.2d 512 (1979); Ariz.Rev.Stat.Ann. § 23–1023(A) (1983); Cal.Lab.Code § 3601 (West 1988).

TY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.