## 18006

C. R. HUNTER, as Administrator of the Estate of Aggie Lee Thompson, Respondent, v. SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY and Lonnie McLeod, in which Southern Farm Bureau Casualty Insurance Company is Appellant.

(129 S. E. (2d) 59)

*Messrs. McCaskill & Thompson,* of Conway, *for Appellant,*

*Messrs. Eugene Huggins* and *John C. Lindsay,* of Bennettsville, *for Respondent,*

December 14, 1962.

LEWIS, Justice.

The defendant Southern Farm Bureau Casualty Insurance Company issued to one Lonnie McLeod, as the insured, an automobile liability insurance policy, under the terms of which it agreed to pay on behalf of the insured all sums which he should become legally obligated to pay as damages because of death, bodily injury, etc., sustained by any person, from accident arising out of the ownership, maintenance or use of the insured's automobile to the extent of $10,000.00 for each person suffering death or bodily injury and subject to the terms and exclusions of the policy. On March 4, 1961, plaintiff's intestate, Aggie Lee Thompson, was accidentally killed in a collision of the insured's automobile with another vehicle. She was riding at the time with the insured as a passenger in his car. Thereafter, in an action prosecuted by the plaintiff, as administrator, to recover for the alleged wrongful death of Aggie Lee Thompson, judgment was obtained against the insured Lonnie McLeod in the amount of $19,000.00.

After the recovery of judgment against the insured, this action was instituted against the defendant insurance company to recover the sum of $10,000.00, the limit of its liability under the foregoing policy. The answer of the defendant admitted the judgment against its insured for the wrongful death of plaintiff's intestate while she was riding as a passenger in the insured's automobile, and that the policy

of insurance was in force at the time; but denied that it was liable under the policy for the payment of any part of the said judgment. The denial of liability was based solely upon allegations that plaintiff's intestate was at the time of her death a member of the family of the insured and resided in the same household, within the meaning of a clause of the insurance policy which excluded coverage thereunder for "bodily injury to or death of the insured or any member of the family of the insured residing in the same household."

Upon the trial of this case in the lower court and at the conclusion of the testimony, the defendant moved for a directed verdict in its favor upon the ground that the only reasonable inference to be drawn from the evidence was that plaintiff's intestate was a member of the family of the insured residing in the same household at the time of the automobile accident which resulted in her death, within the meaning of the above stated policy exclusion clause. This motion was refused and the jury returned a verdict for the plaintiff for the sum of $10,000.00. Following the return of the verdict, the defendant moved for judgment *non obstante veredicto* or, in the alternative for a new trial. From a refusal of these motions, the defendant has appealed.

The sole issue presented to the jury for determination was whether or not the intestate was a member of the family of the insured and residing in his household at the time of her death within the meaning of the foregoing policy provision. The jury has found by its verdict that she was not a member of the family of the insured and, under our view of the record, the sole issue to be decided in this appeal is whether there was any evidence presented to sustain such finding by the jury.

The material facts are not in dispute. The insured is a Negro sharecrop farmer, residing in Marlboro County, South Carolina. His testimony was that, although they had never been married, he and the intestate had been living together as man and wife continuously for about six years

prior to her death, during which time three children were born to them. In fact, he had a living wife, from whom he was not divorced, and children by that marriage, who resided in Sanford, North Carolina, and from whom he had been separated for a period of about twelve or thirtetn years. While the insured and his wife occasionally saw each other, they had not lived together since their separation.

The record shows that the insured and the intestate, with their children, lived together in the same home. The testimony of the insured that he and the intestate lived together as man and wife was corroborated by the testimony of farmers upon whose farms they had resided and by the physician who delivered the children of the intestate in the insured's home. While there is testimony that the intestate and her children would occasionally go to her father's home, there is nothing to indicate that these were anything more than temporary visits, lasting a day or so at the time.

The record conclusively shows that the insured and the intestate were living together as man and wife at the time of the intestate's death, and that such relationship and residence together had continued for a period of several years. The record further shows that such relationship was adulterous, as the insured had a living wife from whom he was not divorced. Our inquiry then is whether the residence of the intestate in the home of the insured for a period of several years under the foregoing circumstances constituted her a "member of the family of the insured residing in the same household" within the meaning of the policy exclusion clause.

The policy provision involved excludes coverage for bodily injury or death to "any member of the family of the insured residing in the same household." Therefore, to exclude coverage of the intestate from the benefits of the policy she must have been (1) a member of the family of the insured and (2) residing in the same household as the insured.

The terms "family" and "household" have been variously defined, depending upon the connection in which they are

used and the purposes intended to be accomplished by their use. 35 C. J. S. Family page 737 *et seq.;* 41 C. J. S. Household page 367 *et seq.;* 5A Am. Jur. 109, Sec. 108; Annotation: 50 A. L. R. (2d) 120. It is important, therefore, in determining the meaning to be attached to such terms, to first ascertain the purpose intended to be accomplished by the clause or sentence in which the words are used.

The words "family" and "household" are here used in a clause restricting liability of the insurer in an automobile liability insurance policy. The purpose of the exclusion clause is to exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury. *Tomlyanovich v. Tomlyanovich,* 239 Minn. 250, 58 N. W. (2d) 855, 50 A. L. R. (2d) 108; *Cartier v. Cartier et al.,* 84 N. H. 526, 153 A. 6. As stated in the *Cartier case*: "The natural tendency of one insured to strengthen or enlarge the evidence of liability to members of his household for accidents insured against increases the hazard of liability under the policy in such cases over that for accidents to others. Without actual dishonesty, the disposition to favor those close to one reflects itself in opinions and judgments, and one insured is more likely to concede by admission or nonresistance blame for hurting a member of his household than for doing harms to others."

In the light of the clear purposes intended to be accomplished by the exclusion clause in question, we think that the term "family", as here used, includes "such persons as habitually reside under one roof and form one domestic circle." *Johnson v. State Farm Mutual Automobile Ins. Co.,* 8 Cir., 252 F. (2d) 158. If the injured person is a member of such family circle, liability of the insurer is excluded.

The moral or legal standards violated by the relationship of the insured and the intestate are not involved. The intestate and the insured lived under the same roof as man and wife. Children were born of this relationship. The insured testified that they had lived together in the same home as

man and wife for a period of about six years, giving to the relationship a permanent domestic character. The intestate was clearly a member of the insured's domestic circle. She lived with the insured under the same roof as a member of his family and, therefore, resided in the same household. *State Farm Mutual Auto. Ins. Co. v. James,* 4 Cir., 80 F. (2d) 802. The intestate, therefore, was a member of that class of persons excluded from coverage under the policy provision in question.

Since the foregoing facts are conclusively shown by the record, the lower court erred in refusing the defendant's motion for a directed verdict in its favor.

Reversed and remanded for entry of judgment for the defendant.

TAYLOR, C. J., Moss and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.