HICKS *v.* HATEM, Receiver for The National
Guild Insurance Company

[No. 269, September Term, 1971.]

*Decided April 6, 1972.*

*Motion for rehearing filed May 5, 1972; denied May 8, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*William B. Evans* for appellant.

*C. M. Zacharski, Jr.,* for appellee.

FINAN, J., delivered the opinion of the Court.

This appeal requires us once again to construe the "household exclusion" clause in an automobile liability insurance policy. The policy in question was issued by The National Guild Insurance Company (Company) to Mr. Charles A. Swanson (the insured), and contained the following familiar exceptions to its coverage:

> "* * * This policy does not apply: * * * (b) to bodily injury to (1) the spouse or any parent, son, or daughter of the insured or (2) the named insured, or (3) *any member of the family of the insured residing in the same household as the insured.*" (Emphasis Supplied).

Thomas J. Hatem, appellee, as the Insurance Commissioner of the State of Maryland and the appointed receiver of the Company, and Mrs. Georgia I. Bishop, appellant, submitted by way of a request for a declaratory judgment (Code, 1971 Repl. Vol., Art. 31A) the question of whether Mrs. Bishop was eligible for coverage under the policy to the Circuit Court for Montgomery County (DuFour, J.) upon the following stipulated statement of facts:

> "Charles A. Swanson, RD #5, Elkton, Maryland was insured under National Guild Insurance Company policy No. ACM 29751 an automobile

liability policy. On July 5, 1965, while the policy was in effect, Swanson was driving a 1950 Willys station wagon, the insured vehicle. With him as a passenger was one Georgia I. Bishop. The auto driven by Swanson went out of control and struck a bridge abutment. Mrs. Bishop suffered injuries to her right hip and right knee for which she has filed a liquidation claim in the amount of $30,000.

"Georgia Bishop and Charles Swanson had been occupying the same household on Dogwood Road, RD #5, Elkton, Maryland, uninterruptedly for a number of years prior to the accident. They were not married to each other. About nine years before the accident Mrs. Bishop's nephew began living in the same household. Mrs. Bishop was regularly employed. Mr. Swanson was intermittently employed. All three ate together. Mrs. Bishop and Mr. Swanson lived as man and wife."

The lower court, in arriving at the conclusion that the "household exclusion" clause barred a recovery under the policy by the appellant, stated:

"* * * this court finds that irrespective of the absence of consanguinal ties, Georgia Bishop was indeed a member of the family of the insured residing in his household. Their living together ostensibly as man and wife under one head for a period of time exceeding nine years was conducive to cozy and collusive claims; the very object and purpose of the exclusionary provision.

"This court finds that the phrase of the policy here involved is not ambiguous in the sense that its general meaning is uncertain or that it can be construed in alternate ways. That a term cannot be precisely defined so as to make clear its application in all varying factual situations

does not mean that it is ambiguous. *Allstate v. Humphrey*, 246 Md. 492, 496. Absent such a finding, the provisions cannot be construed most strongly against the insurer. Maryland has not adopted the rule followed in many jurisdictions that an insurance policy is to be most strongly construed against the insurer. *Allstate v. Humphrey, supra,* page 497."

The issue presented on appeal is the interpretation to be given to the word "family" as used in the "household exclusion" clause, and, more specifically, whether or not Mrs. Bishop should be considered a "member of the family" of the insured. The appellant suggests that the word "family" connotes a blood relationship, and perhaps a marital relationship, existing among individuals, while the appellee would define the term as "a sociological entity consisting of persons habitually residing under one roof, forming one domestic circle and having a permanent domestic character." For the purposes of this case, we are not inclined to adopt either definition verbatim. However, for the reasons to be stated we hold that Mrs. Bishop was not a "member of the family" of the insured.

We initiate the discussion of the question presented with the observation that this Court has long recognized that the word "family" has a variety of meanings, depending on the manner in which it is employed. See *Krug v. Mills,* 159 Md. 670, 673, 152 A. 493 (1930) ; and *Pearre v. Smith,* 110 Md. 531, 534, 73 A. 141 (1909). Additionally, Judge McWilliams, speaking for the Court in *The Peninsula Insurance Company v. Knight,* 254 Md. 461, 255 A. 2d 55 (1969), stated as a general rule for the construction of contracts :

"In the construction of contracts, even more than in the construction of statutes, *words which are used in common, daily, non-technical speech should, in the absence of evidence of a contrary intent, be given the meaning which they have*

*for laymen in such daily usage rather than a restrictive meaning which they may have acquired in legal usage. \* \* \*"* 254 Md. at 472-473.

*The Random House Dictionary of the English Language* (Unabridged 1966 ed.) defines "family" as:

> "1. parents and their children, whether dwelling together or not. 2. the children of one person or one couple collectively. 3. the spouse and children of one person. 4. any group of persons closely related by blood, as parents, children, uncles, aunts and cousins. 5. all those persons considered as descendants of a common progenitor. \* \* \*."

It is not until we come upon the seventh meaning attributed to the word "family" that the interpretation urged by the appellee appears:

> "\* \* \* 7. a group of persons who form a household under one head, including parents, children, servants, etc. \* \* \*"

An excerpt from *Webster's Third International Dictionary* (Unabridged 1961 ed.) discloses a similar definition of "family":

> "\* \* \*2a: a group of persons of common ancestry. b: a people or group of peoples regarded as deriving from a common stock. 3a: a group of individuals living under one roof. b: the body of persons who live in one house and under one head including parents, children, servants and lodgers or boarders. \* \* \*"

It would thus appear that in common parlance and usage the word "family" more frequently connotes the existence of a marital or blood relationship, or a legal status approximating such a relationship.[1]

---

1. We view the broad definition of "family" found in the "Criminal Injuries Compensation Act," Code (1971 Supp.), Art. 26A, § 2 (d) as limited to the purposes of that Act.

The appellee places primary reliance for his interpretation upon the case of *Hunter v. Southern Farm Bureau Casualty Ins. Co.*, 129 S.E.2d 59 (S.C. 1962). In *Hunter* which involved a factual setting almost identical with the case at bar, the Supreme Court of South Carolina determined that:

> "In light of the clear purposes intended to be accomplished by the exclusion clause in question, we think the term 'family', as here used, includes 'such persons as habitually reside under one roof and form one domestic circle'. * * * If the injured person is a member of such family circle, liability of the insurer is excluded." 129 S.E.2d at 61.

Although this Court has upheld the validity of the "household exclusion" clause and stated its purpose to be "* * * to protect the insurer against collusive or cozy claims, [and] to exempt him from liability stemming from one whose natural ties and pulls are likely to favor a claimant who lives in the same household,[2] * * *" we are not prepared to expand the breadth of the clause by a liberal interpretation of its terms. Although we are not presented with a situation in which the use of an ambiguous term would require the construction of the policy against the company preparing it *(Allstate v. Humphrey, supra)*, the statement of the Court in *State Farm Mutual Automobile Insurance Company v. Pennington*, 324 F. 2d 340 (8th Cir. 1963) would still seem appropriate:

> "* * * even though there does exist that familial relationship which is the ordinary object of the exclusionary clause, there is no exclusion unless the factual situation fits the exclusionary language." 324 F. 2d at 344.

---

2. See State Farm Mutual Automobile Insurance Company v. Briscoe, 245 Md. 147, 151, 225 A. 2d 270 (1967); and Parker v. State Farm Mutual Automobile Insurance Company, 263 Md. 206, 210, 282 A. 2d 503 (1971).

Cf. *State Farm Mutual Automobile Insurance Company v. Thompson,* 372 F. 2d 256 (9th Cir. 1967) in which the use of the word "family" in a "household exclusion" clause was called "at best imprecise" and the Court decided that "it may fairly be said to be ambiguous." See also 12 Couch On Insurance 2d, § 44:414, p. 6, wherein the author provides the following guidance:

> "In accord with general principles, policy exceptions are strictly construed and do not reduce the coverage beyond their express terms. * * *"

Moreover, a limited construction of the word "family" is supported in this instance by the use of the word "household" in the same phrase. If the intention of the Company was to exclude from coverage all of those persons who might fall within the broad definition of the term "family," which is urged upon this Court by the appellee, it could have done so by merely excluding the members of the insured's household. However, the use of both of the words "family" and "household" in the exclusionary clause leads us to believe that they were not intended to be used in a synonymous fashion.

Finally, regarding the interpretation given to the word "family" by the Court in *Hunter, supra,* it should be borne in mind that while the State of South Carolina recognizes the concept of "common law marriage," Maryland does not. *Henderson v. Henderson,* 199 Md. 449, 454, 87 A. 2d 403 (1952). Therefore, in this State, it cannot be said that the appellant possesses a legal status which is the equivalent of being a family member.

*Decree reversed; appellee to*
*pay costs.*