Beatrice M. ROHLOFF, Plaintiff-Appellant,

v.

HERITAGE MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 93–0278. Submitted on briefs July 28, 1993.—Decided September 1, 1993.*

(Also reported in 507 N.W.2d 112.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Mark S. Des Rochers* of *Engler & Twohig, S.C.* of Chilton.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Richard Hahn* of *Holden & Hahn, S.C.* of Sheboygan.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. Beatrice M. Rohloff appeals from a summary judgment ruling that she is not a

policyholder or a named insured under a motor vehicle insurance policy issued by Heritage Mutual Insurance Company. Instead, the circuit court ruled that Rohloff's coverage was limited to that of an "occupancy insured" under the policy's uninsured motorist provisions. As a result of the circuit court's ruling, Rohloff may not stack the uninsured motorist provisions of the Heritage policy. We affirm the circuit court's ruling.

The controlling facts are not disputed. For many years, Rohloff and Alvin Schulz have cohabited. They are not married and are not related. Heritage issued a motor vehicle insurance policy covering five motor vehicles owned by Schulz. The policy identified Schulz as the named insured on the declaration page. The vehicles covered by the policy included a 1978 Oldsmobile and a 1979 IHC Scout. The policy listed Rohloff as a driver of the Scout.

On September 29, 1989, Rohloff was involved in a two-car accident while she was driving Schulz's Oldsmobile. Rohloff was seriously injured. Her medical expenses exceeded $225,000 and she has been declared permanently disabled for employment purposes by the Social Security Administration.

The other driver was uninsured and responsible for the accident. Therefore, Rohloff made a claim against Heritage pursuant to the uninsured motorist section of the policy. That section sets out the following relevant definitions:

> 1. **"Insured person"** means:
>
> a. **You** or a **relative**.
> b. Any other person while **occupying your insured car**.

Since the Oldsmobile which Rohloff was operating at the time of the accident was an insured vehicle

under the policy and since Rohloff was "any other person . . . occupying your insured car," Heritage viewed Rohloff as an "occupancy insured" under the above insured motorist provision. Therefore, Heritage paid Rohloff its uninsured motorist policy limits of $100,000.

Rohloff then made a further claim against Heritage under the uninsured provisions of the policy *pertaining to the Scout vehicle*. However, the Scout was not involved in the accident and, obviously, Rohloff was not occupying the Scout at the time of the accident. The law holds that an injured person who is merely an "occupancy insured" and who thereby qualifies for uninsured motorist payments may not stack another person's insurance on a different vehicle unless the claimant qualifies as an insured under the other insurance. *Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis. 2d 759, 773, 433 N.W.2d 1, 6 (1988). Thus, unlike Rohloff's "occupancy insured" claim under the Oldsmobile uninsured motorist coverage which Heritage conceded, Rohloff could not make an "occupancy insured" claim under the Scout uninsured motorist coverage.

Recognizing this bar, Rohloff sought to qualify under the "[y]ou or a relative" provision of the uninsured motorist provision. This coverage is not linked to occupancy of an insured vehicle. Relying on the policy definitions, the trial court concluded that Rohloff did not qualify for coverage under the "[y]ou or a relative" provisions. Rohloff appeals.

The interpretation of an insurance policy presents a question of law. *Muehlenbein v. West Bend Mut. Ins. Co.*, 175 Wis. 2d 259, 264, 499 N.W.2d 233, 234 (Ct. App. 1993). Insurance contracts are controlled by the

same rules of construction as are other contracts; the goal is to ascertain the intentions of the contracting parties. *Id.* at 264, 499 N.W.2d at 234–35.

█

We make an important threshold observation. Heritage has never disputed that Rohloff is an insured under this policy. It has recognized her status as an "occupancy insured" under the Oldsmobile uninsured motorist provisions, and it has paid Rohloff its policy limits under that coverage. However, the law does not *per se* elevate a mere insured to the status of a policyholder or a named insured and we do not understand Rohloff to make such a far reaching argument. Instead, Rohloff looks to the policy itself and to public policy considerations in support of her claim for coverage.

### THE POLICY

Rohloff claims coverage under the insured motorist provision which provides such coverage to "[y]ou or a relative."

### "YOU"

The opening paragraph of the Heritage policy states the essence of the insuring agreement: "**We** agree with **you**, in return for **your** premium payment, to insure **you** subject to the terms of this policy. **We** will insure **you** for coverages and limits of liability only as shown in the Declarations of this policy." In the very next section, the policy sets out the definitions which are to be "used throughout this policy." " **'You'** and **'Your'** mean the policyholder named in the Declarations and spouse if living in the same household."

The declarations list Schulz, not Rohloff, as the insured. This language and its effect are straightfor-

ward, unambiguous and obvious. It simply does not take in Rohloff.

Rohloff argues that the policy's failure to expressly define "policyholder" makes her status under the policy ambiguous. We disagree. The definitions we have just cited set out a mechanism by which the policyholder is easily identified. As we have just explained, the policy defines **"you"** or **"your"** as the person named in the declarations section. The policy makes that person a policyholder. And, as we have just observed, Schulz, not Rohloff, is the person listed in the declarations.

Rohloff argues that *Carrington v. St. Paul Fire & Marine Ins. Co.*, 169 Wis. 2d 211, 485 N.W.2d 267 (1992), requires that we construe the Heritage policy to include her as a named insured. In *Carrington*, the insured was a corporation which owned and operated a residential facility for children. The policy covered family members, including wards or foster children. *Id.* at 216, 485 N.W.2d at 268. The supreme court considered whether the injured children were "occupancy insureds" or named insureds under a motor vehicle policy issued to the corporation. The supreme court concluded that the policy was ambiguous as to whether the term "family" could apply to a corporation. *Id.* at 219–20, 485 N.W.2d at 270. Noting that ambiguities should be resolved in favor of coverage, *id.* at 219, 485 N.W.2d at 270, the court concluded that the children qualified as named insureds entitled to stack uninsured motorist coverage. *Id.* at 220–21, 485 N.W.2d at 270.

We have no such ambiguity in this case. We have already held that the meaning and effect of the Heritage policy language here is clear and inescapable. Rohloff is neither a named insured nor a policyholder.

## "RELATIVE"

Next, Rohloff claims that she qualifies as a "relative" under the uninsured motorist coverage provisions. In the definition section, the policy states, " **'Relative'** means a person living in **your** household and related to **you** by blood, marriage or adoption, including a ward or foster child." Here again, the meaning and effect of this language as applied to Rohloff is inescapable. She is not related to Schulz under any status recited in the policy.

## *PUBLIC POLICY*

Rohloff argues that public policy requires that Heritage extend this additional uninsured motorist coverage to her. In support she cites to cases where the courts struck down insurance provisions that attempted to curtail or eliminate the stacking of uninsured motorist protection.[1] But all of these cases involved claimants who first qualified as named insureds or relatives entitled to stack coverage. As we held earlier, Rohloff did not meet this threshold requirement. Moreover, if we were to rule that public policy mandates stacked coverage to an "occupancy insured" we would overstep the limits of our authority because we would functionally overrule the supreme court's decision in *Martin*.

---

[1] *See St. Paul Mercury Ins. Co. v. Zastrow*, 166 Wis. 2d 423, 480 N.W.2d 8 (1992); *Hulsey v. American Family Mut. Ins. Co.*, 142 Wis. 2d 639, 419 N.W.2d 288 (Ct. App. 1987); and *Welch v. State Farm Mut. Auto. Ins. Co.*, 122 Wis. 2d 172, 361 N.W.2d 680 (1985).

Rohloff urges that we should adopt the reasoning of *Hunter v. Southern Farm Bureau Cas. Ins. Co.*, 129 S.E.2d 59 (S.C. 1962), where the South Carolina Supreme Court held that a cohabiting man and woman constituted a family within the meaning of an insurance policy. In *Hunter*, the couple had cohabited for a number of years. The woman was killed while a passenger in an automobile operated by her mate. Her estate brought a wrongful death claim against the mate and his insurance company. The company defended on the basis of a family exclusion clause which precluded coverage for the death of the insured "or any member of the family of the insured residing in the same household." *Id.* at 59–60.

The *Hunter* court observed that the purpose behind the exclusion clause was to "exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury." *Id.* at 61. To serve this policy, the court concluded that the couple was a "family" and a "household" within the meaning of the policy. *Id.* Accordingly, the court permitted the insurance company to invoke the exclusion clause and denied recovery.

We have no such compelling policy at work in this case. We are not dealing with an exclusion clause. Nor are we dealing with any provision which seeks to prevent the opportunity or temptation for a claimant to practice dishonesty, bias or other mischief by "[enlarging] the evidence of liability" to benefit a member of the insured's family. *See id.* Instead, we are asked simply to decide who is a named insured or relative under the definitions section of the policy.[2]

---

[2] Rohloff also asks that we, in equity, reform the policy to provide coverage because she reasonably expected that she was

*By the Court.*—Order affirmed.

covered. However, Rohloff did not request this relief in the trial court. Therefore, we do not address this issue.