910 A.2d 1122

Taylor F. WILSON

v.

NATIONWIDE MUTUAL INSURANCE COMPANY.

**No. 22, Sept. Term, 2006.**

Court of Appeals of Maryland.

Nov. 14, 2006.

Peter J. Korzenewski (Hollman, Maguire, Timchula & Titus, Chartered, on brief), Westminster, for petitioner/cross-respondent.

James K. Macalister, Saiontz, Kirk & Miles, Baltimore, brief of Maryland Trial Lawyers Association, for petitioner/cross-respondent, amicus curiae.

Steven E. Leder (The Leder Law Group, LLC, on brief), Baltimore, for respondent/cross-petitioner.

David M. Funk, James F. Taylor, Amanda Stakem Conn, Funk & Bolton, P.A., Baltimore, brief of Property Casualty Insurers Association of America, for respondent/cross-petitioner, amicus curiae.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

GREENE, J.

On June 20, 2002, petitioner, Taylor F. Wilson ("Wilson"), suffered serious injuries as a result of an auto collision that occurred while he was the front-seat passenger in a vehicle driven by Daniel Richard McFarland ("McFarland"). At the

time of the accident, both the driver and passenger were acting within the scope of their employment with Allegheny Industries, Inc. ("Allegheny"). Wilson filed a Complaint for Declaratory Judgment against McFarland, Nationwide Mutual Insurance Company ("Nationwide"), and his employer, Allegheny, in the Circuit Court for Carroll County. Wilson requested that the Circuit Court declare the rights and liabilities of the parties, with respect to the bodily injuries in the collision of June 20, 2002, under a Nationwide business automobile liability insurance policy issued to Allegheny. In that regard, Wilson sought a declaration that the fellow employee exclusion in Nationwide's business automobile liability insurance policy was invalid. Motions for summary judgment were filed. The trial court heard argument on the motions and granted Wilson's motion for summary judgment, declaring that the fellow employee exclusion was invalid. Nationwide noted an appeal to the Court of Special Appeals. The Court of Special Appeals reversed the ruling of the Circuit Court for Carroll County. *Nationwide v. Wilson,* 167 Md.App. 527, 893 A.2d 1177 (2006). Thereafter, Wilson filed a petition for writ of certiorari seeking review of the judgment of the Court of Special Appeals and posing the following question:

> Is a 'fellow employee' exclusion contained in a commercial automobile liability policy valid, enforceable and in accord with established Maryland public policy where such exclusion operates to limit coverage available under such policy to statutory compulsory minimum amounts where the policy purchased reflected limits substantially higher than such minimum amounts?

Nationwide filed its cross-petition for certiorari presenting the following question:

> Whether, the 'fellow employee' exclusion contained in Nationwide's Automobile Insurance Policy which limits coverage to the statutory minimum for injuries to fellow employees is permitted by Maryland's financial responsibility law, § 17–103 of the Transportation Article?

We granted both petitions. *Wilson v. Nationwide,* 393 Md. 242, 900 A.2d 749 (2006). We hold that the fellow employee

exclusion contained in the automobile liability insurance policy issued by Nationwide to Allegheny is valid. The exclusion, as it operates for amounts greater than the mandatory minimum coverages for bodily injuries in this case, neither violates the law of contracts nor Maryland's compulsory automobile insurance law.

## FACTS

The facts are undisputed. We adopt the facts as stated by J. Kenney, writing for the Court of Special Appeals in this case:

Allegheny, a Maryland corporation, performs general contracting work in the field of telecommunications. Its principal place of business is located in Carroll County, Maryland.

On the evening of June 19, 2002, Wilson and McFarland, both employees of Allegheny, were dispatched in a vehicle owned by Allegheny to perform maintenance work. While returning from the job in the early morning hours of June 20, 2002, McFarland, the driver, reportedly fell asleep, crossed the center line of the highway, and struck another vehicle head on. Wilson sustained severe injuries, including broken bones, cuts, and bruises. As a result of his injuries, he has undergone several operations, including two operations to remove more than ten feet of his small intestine. His medical expenses exceeded $100,000.

At the time of the accident, Allegheny maintained two insurance policies with Nationwide: a business automobile policy (the 'Auto Policy') and a workers' compensation policy (the 'Workers' Compensation Policy'). The amount of liability coverage under the Auto Policy was $1,000,000. The Auto Policy provided, in relevant part:

SECTION II—LIABILITY COVERAGE

A. Coverage.

We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident'

and resulting from the ownership, maintenance or use of a covered 'auto.'

\* \* \*

We have the right and duty to defend any 'insured' against a 'suit' asking for such damages or a 'covered pollution cost or expense.' However, we have no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' or a 'covered pollution cost or expense' to which this insurance does not apply. We may investigate and settle any claim or 'suit' as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. *Who is An Insured*

The following are 'insureds':

 a. You for any covered 'auto.'

 b. Anyone else while using with your permission a covered "auto" you own, hire or borrow.

\* \* \*

B. Exclusions

 This insurance does not apply to any of the following:

\* \* \*

5. Fellow Employee

 'Bodily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business.

A standard endorsement for Nationwide business automobile policies issued in Maryland was made part of the Auto Policy. The endorsement provided, in pertinent part:

 With respect to coverage provided by this endorsement, the provisions of Coverage Form apply unless modified by the endorsement.

For a covered 'auto' licensed or principally garaged in, or 'garage operations' conducted in, Maryland, the Coverage Form is changed as follows:

A.   Changes in Liability Coverage

Except with respect to the Business Auto Physical Damage Coverage Form, the Fellow Employee Exclusion is replaced by the following:

This insurance does not apply to 'bodily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the 'fellow employee's' employment or while performing duties related to the conduct of your business.

However, this exclusion does not apply for coverage up to the minimum limit specified by the Maryland Vehicle Law.

*Wilson,* 167 Md.App. at 530–34, 893 A.2d at 1179–80.

## DISCUSSION

Prior to the enactment of § 19–504 of the Insurance Article [1] and Title 17 of the Transportation Article [2], this Court, in a number of cases, had considered exclusions contained within auto insurance policies. *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.,* 307 Md. 631, 635, 516 A.2d 586, 588 (1986). *See, e.g., Hicks v. Hatem,* 265 Md. 260, 289 A.2d 325 (1972); *Parker v. State Farm Mut. Auto. Ins. Co.,* 263 Md.

---

1.   Md.Code (1997, 2006 Repl.Vol.) § 19–504 of the Insurance Article requires, "[e]ach motor vehicle liability insurance policy issued, sold, or delivered in the State shall provide the minimum liability coverage specified in Title 17 of the Transportation Article."

2.   Specifically, Md.Code (1977, 2006 Repl.Vol.) § 17–103(b) provides:
The security required under this subtitle shall provide for at least:
(1) The payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons, in addition to interest and costs;
(2) The payment of claims for property of others damaged or destroyed in an accident of up to $15,000, in addition to interest and costs;
(3) Unless waived, the benefits described under § 19–505 of the Insurance Article as to basic required primary coverage; and
(4) The benefits required under § 19–509 of the Insurance Article as to required additional coverage.

206, 282 A.2d 503 (1971); *State Farm Mut. Auto. Ins. Co. v. Briscoe,* 245 Md. 147, 225 A.2d 270 (1967). As this Court noted in *State Farm,* prior to enactment of Maryland's compulsory automobile insurance "[a]bsent a statute to the contrary," we would "follow[ ] the general rule, which was to uphold the validity of the exclusion." 307 Md. at 635, 516 A.2d at 588. (Citations omitted.)

The enactment of § 19–504 of the Insurance Article and Title 17 of the Transportation Article, however, "substantially changed the public policy of this state with regard to motor vehicle insurance and reparations for damages caused by motor vehicle accidents." *Jennings v. GEICO,* 302 Md. 352, 357, 488 A.2d 166, 168 (1985). Section 19–504 of the Insurance Article and Title 17 of the Transportation Article and related statutes effectively mandated compulsory automobile insurance with required minimum coverages. The Maryland General Assembly enacted the compulsory insurance statutes in an attempt to provide some "recovery for innocent victims of motor vehicle accidents." *State Farm,* 307 Md. at 639, 516 A.2d at 590. (Citations omitted.) As the Court of Special Appeals noted, in this case,

> "[a]fter the enactment of the compulsory liability insurance law, certain exclusions commonly found in automobile insurance policies that effectively excluded all liability coverage were held to violate public policy and declared invalid. *See, e.g., Salamon v. Progressive Classic Ins. Co.,* 379 Md. 301, 303, 841 A.2d 858 (2004) (holding that a 'pizza exclusion,' by which an insurer could deny coverage to an insured driver delivering property for compensation at the time of the accident, was void as against public policy); *Lee v. Wheeler,* 310 Md. 233, 237, 528 A.2d 912 (1987) (concluding that a "phantom vehicle exclusion," which excluded liability coverage to a Maryland insured in cases where there was no physical contact between the insured vehicle and the phantom vehicle, was invalid under Maryland law).

*Wilson,* 167 Md.App. at 537, 893 A.2d at 1183.

Wilson argues that Nationwide's attempt to reduce liability coverage from the stated policy amount of $1,000,000 per

person to the statutory limit of $20,000 per person is unlawful because, in his view, the General Assembly permits only certain exclusions and that this Court has acted to invalidate many exclusions which were not expressly authorized. Simply put, Wilson contends that this Court should deem the fellow employee exclusion invalid because it "has not been recognized by Maryland's General Assembly." Wilson cites, among other cases, *Jennings* and *Enterprise v. Allstate*, 341 Md. 541, 671 A.2d 509 (1996), in support of this proposition.

In *Jennings*, at issue was the validity of a household exclusion clause contained within an automobile liability insurance policy. The household exclusion in that policy operated to bar coverage for family members injured in an accident involving the insured vehicle. *Jennings*, 302 Md. at 354, 488 A.2d at 167. Mr. Jennings was involved in an automobile collision. The vehicle was owned by him but operated by his stepson who resided in the same household. Mr. Jennings brought a declaratory judgment action against GEICO, the automobile liability insurer, asserting that the household exclusion contained in the policy was void because it was contrary to the statute.[3] In *Jennings*, "we held that the 'household exclusion' clause of ... [the] automobile liability insurance policy was invalid. We reasoned that the exclusion was contrary to the public policy expressed in Maryland's compulsory automobile liability law." *State Farm*, 307 Md. at 633, 516 A.2d at 586. In that case, we agreed with the reasoning in a similar case that the exclusion was contrary to the public policy " '[b]ecause the stated purpose of [Maryland's compulsory insurance law] is to assure that a driver be insured to a minimum level, [and that] such an exclusion provision contravenes the purpose and policy of the ... act.' " *Jennings*, 302 Md. at 362, 488

---

3. Jennings contended that the household exclusion at issue was inconsistent with the public policy expressed in § 17–103 of the Transportation Article. The Court of Special Appeals correctly said, "it is the public policy of this State, as reflected in this legislation, that security for bodily [injury] and death claims be provided for all ... motor vehicles in the form of liability coverage in the minimum amounts of $20,000 for one person and $40,000 for two or more persons." *Nationwide v. Wilson*, 167 Md.App. 527, 546, 893 A.2d 1177, 1189 (2006).

A.2d at 170. (Alteration added.) (Citation omitted.) In *Stearman v. State Farm Mut. Auto. Ins. Co.*, 381 Md. 436, 444, 849 A.2d 539, 544 (2004), we said,

> the purpose of the Maryland compulsory statutes is to '[assure] recovery for innocent victims of motor vehicles accidents.' Nonetheless, we stated in *State Farm* that we 'do not view that purpose as extending beyond the prescribed statutory minimum coverage, so far as the 'household exclusion' is concerned.' Succinctly stated, the public policy in question in *State Farm* and in ... [*Stearman* ] is that all automobile liability policies shall contain bodily injury or death liability coverage in at least the amount of $20,000/$40,000.

(Citations omitted.)

In *Enterprise*, the issue before the Court was "whether the lessor of a motor vehicle is relieved of financial responsibility for third-party claims resulting from the negligent operation of its rental vehicle by a permittee when the vehicle's operation is in violation of the express terms of the rental agreement." 341 Md. at 543, 671 A.2d at 510. Following an automobile collision resulting in bodily injury, Allstate sought a declaratory judgment that, based on § 18–102,[4] Enterprise

---

4. Md.Code (1977, 2006 Repl.Vol.) § 18–102 of the Transportation Article provides:

> (a)(1) The Administration may not register any motor vehicle, trailer, or semitrailer to be rented until the owner of the vehicle certifies to the satisfaction of the Administration that the owner has security for the vehicle in the same form and providing for the same minimum benefits as the security required by Title 17 of this article for motor vehicles.
>
> (2)(i) In this paragraph, "replacement vehicle" means a vehicle that is loaned by an auto repair facility or a dealer, or that an individual rents temporarily, to use while a vehicle owned by the individual is not in use because of loss, as "loss" is defined in that individual's applicable private passenger automobile insurance policy, or because of breakdown, repair, service, or damage.
>
> (ii) Subject to subparagraph (iii) of this paragraph, an owner of a replacement vehicle may satisfy the requirement of paragraph (1) of this subsection by maintaining the required security described in § 17–103 of this article that is secondary to any other valid and collectible coverage and that extends coverage to the owner's vehicle

was "obligated to provide minimum security in the amount of $20,000 per person/$40,000 per occurrence ... [of] bodily injury ...." *Enterprise*, 341 Md. at 544, 671 A.2d at 511. Judge Raker, writing for the Court, stated "that if the General Assembly had intended to exclude coverage for unauthorized permittees, it would have made such an exclusion an explicit part of the law." *Enterprise*, 341 Md. at 549, 671 A.2d at 514. Accordingly, pursuant to rules of statutory construction, the Court held that § 18–102 of the Transportation Code "cover[ed] operators of leased vehicles driving these vehicles with the permission of the lessee even when the lessee violated the terms of the rental agreement," and that, despite the terms of Enterprise's rental agreement, Enterprise must provide the required security to the extent of the statutory minimum. *Enterprise*, 341 Md. at 543, 671 A.2d at 510.

In *State Farm*, we considered whether the household exclusion contained within an automobile insurance policy was "wholly invalid, or whether its invalidity extend[ed] only to the amount of minimum liability coverage required by the compulsory insurance law." 307 Md. at 633, 516 A.2d at 587–88. We acknowledged that the household exclusion at issue in that case was not among the exclusions expressly permitted by the General Assembly, but, nonetheless, still found the exclusion valid. We explained that "what the legislature has prohibited

---

in amounts required under § 17–103(b) of this article while it is used as a replacement vehicle.

(iii) If an owner of a replacement vehicle provides coverage as provided under subparagraph (ii) of this paragraph, the agreement for the replacement vehicle to be signed by the renter or the individual to whom the vehicle is loaned shall contain a provision on the face of the agreement, in at least 10 point bold type, that informs the individual that the coverage on the vehicle being serviced or repaired is primary coverage for the replacement vehicle and the coverage maintained by the owner on the replacement vehicle is secondary.

(b) Notwithstanding any provision of the rental agreement to the contrary, the security required under this section shall cover the owner of the vehicle and each person driving or using the vehicle with the permission of the owner or lessee.

(c) If the Administration finds that the vehicle owner has failed or is unable to maintain the required security, the Administration shall suspend the registration of the vehicle.

is liability coverage of less than the minimum amounts required by § 17–103(b)(1) of the Transportation Article" and therefore "[t]he 'household exclusion' violates public policy only to the extent it operates to prevent this mandatory minimum coverage." *State Farm*, 307 Md. at 637, 516 A.2d at 589. The household exclusion in that case provided for coverage in excess of the amounts required by § 17–103(b)(1) of the Transportation Article and therefore did not violate public policy.

Judge Adkins, writing for the Court in *State Farm*, warned against reading *Jennings* too sweepingly, as Wilson does in this case. The Court noted that *Jennings* "speaks in broad terms of the invalidity of the household exclusion because of its violation of the statutory compulsory liability insurance policy." *State Farm*, 307 Md. at 636, 516 A.2d at 588. We reaffirm *Jennings* and point out that *Jennings* and *State Farm* stand for the principle that, although not explicitly mentioned by the General Assembly, an exclusion can be a valid and enforceable contractual provision as to coverage above the minimum statutory automobile liability insurance amount.

In addition, Wilson contends that our holding in *Larimore v. Am. Ins. Co.*, 314 Md. 617, 552 A.2d 889 (1989), is "unmistakable" that the fellow employee exclusion is invalid.[5] In *Larimore*, the issue before the Court was "whether a 'fellow employee' exclusion in a motor vehicle liability insurance policy . . . [was] valid in light of Maryland's compulsory motor vehicle insurance law and Maryland's workers' compensation law." 314 Md. at 619, 552 A.2d at 889. Mr. Larimore was involved in a workplace accident, resulting in serious injuries. Subsequently, he sought a declaratory judgment declaring, among other things, that the fellow employee exclusion was

---

**5.** As the Court of Special Appeals noted, "[f]ellow employee exclusions are liability exclusions in automobile policies that are seen most often in commercial policies . . . and are designed to prevent an employer from maintaining coverage for employees under both worker's compensation and business automobile insurance policies." *Wilson*, 167 Md. App. at 536, 893 A.2d at 1182. (Citations omitted.)

void under Maryland's compulsory insurance law. On appeal, the intermediate appellate court validated the fellow employee exclusion, at issue, concluding that "the fellow employee exclusion should be upheld because of the availability of workers' compensation benefits." *Larimore,* 314 Md. at 621, 552 A.2d at 890. This Court however, disagreed, holding that the fellow employee exclusion in that case was invalid under Maryland law. We reasoned that the insurance policy in that case "remove[d] all insurance coverage and [would] leave[ ] the tort defendant uninsured if the tort plaintiff ... [were] a fellow employee, and if the accident arouse out of and in the course of employment." *Larimore,* 314 Md. at 623, 552 A.2d at 891.

We compare the insurance policy in *Larimore* with the insurance policy issued in the present case. The fellow employee exclusion contained in Nationwide's policy is a standard provision which reduces coverage in connection with claims by an employee against the employer as a result of an injury on the job and "resulting from the ownership, maintenance or use of a covered 'auto.' " The fellow employee exclusion in this case closely resembles the household exclusions at issue in *State Farm* and *Stearman,* in that they all exclude coverage beyond the mandatory minimum coverage, but, unlike the exclusion in *Larimore,* do not exclude all coverage. It is our view that, similar to *Jennings, Larimore* should not be read so sweepingly. In *Larimore,* this Court did not reach the question of whether a fellow employee exclusion that excluded coverage above the mandatory minimum coverage was valid. Instead, *Larimore* is unmistakable, only in its holding, that the availability of workers' compensation insurance coverage does not permit the insurer to exclude all coverage under the liability policy. That case, however, is silent on the issue in the case *sub judice* and thus, is not direct precedent.

In further support of his position, Wilson cites *West Am. Ins. Co. v. Popa,* 352 Md. 455, 723 A.2d 1 (1998). "In that case, we invalidated insurance policy provisions that excluded vehicles owned or operated by a self-insurer or by any governmental unit or agency from the definition of uninsured/underinsured vehicles." *Stearman,* 381 Md. at 445, 849 A.2d at 545.

Wilson contends that, as we did in *Popa*, we should refrain from applying the holding in *State Farm*.[6] As we noted in *Stearman*, however, the application of *State Farm* was inappropriate, in part, "because 'the statutorily required minimum uninsured/underinsured coverage which an insurer must offer is not $20,000/$40,000. Instead, an insurer must offer an amount of uninsured/underinsured coverage equal to the liability coverage provided for in the policy.' " *Stearman*, 381 Md. at 447 n. 7, 849 A.2d at 546 n. 7 (quoting *Popa*, 352 Md. at 477–78, 723 A.2d at 12). As the Court of Special Appeals accurately noted in this case, in *Popa* this Court was concerned that "the purchaser of a policy could unexpectedly find that the coverage amount set-forth on the declaration page of the policy was limited to the statutory minimum." *Wilson*, 167 Md.App. at 544, 893 A.2d at 1187. This is not a concern in the present case because Nationwide is not required to offer an amount of coverage equal to the liability coverage provided in the policy. Allegheny purchased the policy and the provisions of the policy satisfy the minimum statutory requirement,[7] under Maryland law. To that end, we see the facts of *Popa* as significantly distinct and thus decline to apply its holding here.

Wilson further asserts that the fellow employee exclusion contravenes the public policy underlying the compulsory insurance statutes. He contends that this Court's decisions in *Jennings, State Farm, Nationwide*, and *Stearman* were limited to household exclusions, have not been applied in any other context, and do not operate as a general validation of all exclusions that provide coverage above statutory minimums.

6. As discussed *supra*, in *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.*, 307 Md. 631, 644, 516 A.2d 586, 592 (1986), we held that the household exclusion clause was invalid only to the extent of the statutorily prescribed minimum liability coverage of $20,000/$40,000.

7. As discussed *supra*, each automobile insurance policy minimally must include liability insurance for the "payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons," § 17–103(b)(1) of the Transportation Article; § 19–504 of the Insurance Article.

While this Court has only dealt with the fellow employee exclusion in *Larimore,* and our previous decisions in *Jennings, State Farm, Nationwide,* and *Stearman* dealt with the household exclusion, the validity of which is not in question today, we have made clear our view of the public policy underlying the compulsory insurance statutes. As noted *supra,* in *Stearman* we said "the purpose of the Maryland compulsory statutes is to '[assure] recovery for innocent victims of motor vehicles accidents.' " 381 Md. at 444, 849 A.2d at 544. "Thus each automobile insurance policy must contain coverage for the following: liability insurance of 'the payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons[ ]'. . . ." *Jennings,* 302 Md. at 358, 488 A.2d at 169. The fellow employee exclusion provision under review is in compliance with Maryland's compulsory automobile insurance law. We noted in *Stearman,* that "despite the allure of the idea of total compensation for any innocent victim of a motor vehicle accident, there is no indication that the General Assembly's purpose in enacting the compulsory insurance statutes was to assure *complete insurance* recovery for all victims." 381 Md. at 449, 849 A.2d at 547. (Emphasis in original.) Further, we said that "if the General Assembly had intended something closer to complete insurance recovery for all victims, [it] would have said so or increased the mandatory liability limits." *Stearman,* 381 Md. at 450, 849 A.2d at 547. In this case, the fellow employee exclusion contained within Nationwide's policy with Allegheny provides that the "exclusion does not apply for coverage up to the minimum limit specified by the Maryland Vehicle Law." Effectively, Allegheny contracted with Nationwide to provide the statutorily required minimum for any liability incurred as a result of a fellow employee accident.

Despite Allegheny and Nationwide's right to enter into a mutually agreeable contract, Wilson argues that the fellow employee exclusion in this case permits Allegheny and Nationwide to contract away the rights of Allegheny's employees. "As a general rule, parties are free to contract as they

wish. A contractual provision that violates public policy is invalid, but only to the extent of the conflict between the stated public policy and the contractual provision." *State Farm*, 307 Md. at 643, 516 A.2d at 592. Further, "[t]he public policy embodied in the compulsory insurance law extends only to liability coverage up to and including the statutory minimum coverage." *Id*. When reviewing insurance policies this Court must determine whether the clauses contained within the policy are contrary to the state's public policy as expressed in the relevant statutes. *See Smith v. Higinbothom*, 187 Md. 115, 125, 48 A.2d 754, 759 (1946). In the case *sub judice*, Nationwide and Allegheny entered into a contract to provide automobile liability insurance. They were free to enter into a contract that provided for coverage above that required by the compulsory insurance law, as compulsory insurance creates a floor rather than a ceiling to liability coverage. Admittedly, it is possible that Nationwide's policy will not provide full and complete recovery for all victims, but as discussed *supra*, it is not by law required to do so. Insurance contracts may lawfully exclude particular risks. Under the auto policy in this case, Allegheny is able to minimize the increased premiums associated with maintaining coverage under two policies, a business automobile policy and a workers' compensation policy. To that end, however, the insurance policies Allegheny maintained with Nationwide provided Allegheny's employees with the statutorily mandated auto liability coverage in addition to workers' compensation benefits.[8] Moreover, we would be acting as a legislative body if we were to conclude that Nationwide or Allegheny acted outside their rights when they contracted to reduce coverage consistent with the Maryland compulsory insurance statutes. Compulsory insurance requires minimum auto liability insur-

---

8. Assuming *arguendo*, under the policy presented in this case, if the injuries exceed the $20,000 minimum coverage provided by the Auto Policy, recourse for an Allegheny employee who is injured by a fellow employee's negligent actions is through workers' compensation benefits. In this case, there is no dispute that Allegheny provided workers' compensation coverage for this accident.

ance coverage. Only the General Assembly or the parties to the contract may increase the amount of coverage, in this context, not the Courts.

## *CONCLUSION*

We hold, therefore, that a business auto insurance policy that contains a fellow employee exclusion clause is invalid to the extent that it provides less than the minimum statutory liability coverage. So far as the public policy evidenced by Maryland's compulsory automobile insurance law is concerned, it is a valid and enforceable contractual provision as to coverage above that minimum statutory liability limits.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.**

BELL, C.J., dissents.

Dissenting Opinion by BELL, C.J.

Respectfully, I dissent for the same reasons stated in my dissenting opinion filed in *Stearman v. State Farm Mut. Auto. Ins. Co.*, 381 Md. 436, 849 A.2d 539 (2004).